UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JARED KING,

                        Plaintiff,

       -against-                            1:14-cv-0165 (LEK/TWD)

KAREN CREED, *et al.*,

                        Defendants.

**MEMORANDUM-DECISION and ORDER**

**I.**    **INTRODUCTION**

This matter returns to the Court on *pro se* Plaintiff Jared King's ("Plaintiff") Motion for reconsideration of the Court's Memorandum-Decision and Order filed March 2, 2015. Dkt. Nos. 56 ("Motion"); 56-2 ("Memorandum"); see also Dkt. No. 49 ("March Order"). Defendants Karen Creed ("Creed"), Officer Craig Sleurs ("Sleurs"), the Town of Bethlehem, and Town of Bethlehem Justice Ryan Donovan ("Judge Donovan") (collectively, the "Town Defendants") opposed the Motion and Plaintiff filed a Reply. Dkt. Nos. 63 ("Response"); 67 ("Reply"). For the following reasons, Plaintiff's Motion is denied.

**II.**    **BACKGROUND**

The parties' familiarity with the background of the case is presumed and the Court only recounts the background and procedural history of the case necessary to the disposition of the present Motion. For further background on the case, reference is made to the Court's March Order. Mar. Order.

Plaintiff commenced this action on February 18, 2014, asserting various civil rights violations arising from the suspension of his driver's license. Dkt. Nos. 1; 6 ("Amended

Complaint"). Briefly stated, Plaintiff makes the following allegations. In September 2008, Plaintiff received a speeding ticket from the Town of Bethlehem Police Department asserting a single violation of New York Vehicle and Traffic Law § 1180(d). Am. Compl. ¶ 4. Within two business days of receiving the ticket, Plaintiff answered the summons in person and entered a plea of not guilty. Id. ¶ 5. In April 2009, Plaintiff received a notice from the New York Department of Motor Vehicles ("DMV") that his license would be suspended for "failure to answer summons." Id. ¶ 6. Plaintiff appeared at the court clerk's office in person on April 21, 2009, and was informed that he must complete a new plea. Id. ¶ 8. In October 2009, Judge Donovan convicted Plaintiff of the speeding charge. Id. ¶¶ 12-14. Plaintiff's appeal was denied by Judge Thomas Breslin ("Breslin") for failure to properly serve the opposition. Id. ¶ 17. In 2010, Plaintiff received a letter signed by Creed detailing the fine Plaintiff owed and in 2011, Plaintiff received a second letter stating that his license was suspended. Id. ¶ 18. In March or April 2012, Plaintiff received a notice of driver's license suspension from the DMV for failure to answer the summons. Id. ¶ 19. On September 25, 2013, Officer Sleurs issued Plaintiff two tickets for driving without a license and confiscated Plaintiff's license at a traffic stop. Id. ¶¶ 22-23. On November 26, 2013, Sleurs again arrested Plaintiff for driving without a license. Id. ¶ 24. Sleurs showed Plaintiff his police computer which indicated that Plaintiff's license was suspended for "failure to pay fine." Id. Sleurs impounded Plaintiff's car. Id. Plaintiff later received a notice from Barbara Fiala ("Fiala"), Commissioner of the DMV, dated November 18, 2013, indicating that Plaintiff's driver's license would be suspended indefinitely if he did not pay a Driver Responsibility Assessment pursuant to New York Vehicle and Traffic Law §§ 503(4) and 1199. Id. ¶ 33.

Reading the Amended Complaint liberally, the Court found that Plaintiff asserts the

2

following claims: (1) Creed unlawfully suspended Plaintiff's driver's license and attempted to enforce a court judgment imposing the suspension in violation of Plaintiff's due process and equal protection rights under the Fourteenth Amendment; (2) Creed misrepresented to the DMV that Plaintiff failed to answer his summons in violation of Plaintiff's due process and equal protection rights; (3) Sleurs arrested Plaintiff without probable cause and seized his driver's license and automobile in violation of Plaintiff's Fourth Amendment rights; (4) municipal liability against the Town of Bethlehem pursuant to 42 U.S.C. § 1983; (5) Fiala improperly suspended Plaintiff's driver's license for failure to answer the summons in violation of Plaintiff's due process rights; (6) Fiala lacked authority to require Plaintiff to pay the assessment in violation of Plaintiff's due process and equal protection rights; (7) Judge Donovan committed judicial misconduct by misrepresenting the case record and improperly denying Plaintiff's motions in violation of Plaintiff's due process and equal protection rights; and (8) Judge Breslin improperly denied Plaintiff's motions in violation of Plaintiff's due process rights. Mar. Order at 4-5; see Am. Compl.

The Town Defendants, and Judge Breslin and Fiala (together, the "State Defendants"), moved to dismiss all claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 25; 36. The Court granted in part and denied in part the Town Motion and granted the State Motion. Mar. Order.

The Court found that several of Plaintiff's claims were barred by the Rooker-Feldman doctrine, including the claims against Creed, Fiala, Judge Donovan, and Judge Breslin. Id. at 6-7, 13, 14-15. The Court additionally found that Plaintiff's allegations against Creed failed to state a claim for violation of due process and equal protection, Plaintiff's claims against Judge Donovan were barred by § 1983's three-year statute of limitations, and that there was clear legal authority for

3

Fiala to impose the Assessment on Plaintiff. Id. at 7-9, 13-15. The Court also found that Plaintiff failed to state a claim for municipal liability against the Town of Bethlehem because he did not allege the deprivation of any constitutional right resulting from a municipal policy or custom. Id. at 12-13. As to Sleurs, the Court found that he had probable cause to arrest Plaintiff for aggravated unlicensed operation of a motor vehicle and that there was clear legal authority for the confiscation of Plaintiff's driver's license. Id. at 10-11. However, the Court found that § 511(3)(a) did not provide authority for the impoundment of Plaintiff's vehicle. Id. at 11-12. Thus, Plaintiff's sole surviving claim following the March Order is a Fourth Amendment claim against Sleurs for the unlawful seizure of Plaintiff's vehicle.

Plaintiff's Motion broadly seeks reconsideration of the March Order. See Mem.

## III. LEGAL STANDARD

A motion for reconsideration may be granted where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "The standard for granting a motion for reconsideration 'is strict and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Advanced Fiber Techs. Trust v. J&L Fiber Servs., Inc., 751 F. Supp. 2d 348, 382-83 (N.D.N.Y. 2010) (Kahn, J.) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "[R]econsideration 'should not be granted where the moving party seeks solely to relitigate an issue already decided.'" Id. at 383 (quoting

4

Shrader, 70 F.3d at 257).

**IV. DISCUSSION**

Liberally construed, Plaintiff argues the following grounds for reconsideration: (1) the Court's application of the Rooker-Feldman doctrine was clearly erroneous; (2) the Court erroneously dismissed Plaintiff's equal protection and due process claims; (3) the Court erroneously dismissed Plaintiff's Fourth Amendment claims against Sleurs; (4) Plaintiff has discovered evidence of a municipal policy or custom supporting his municipal liability claim against the Town of Bethlehem; and (5) the Court's finding that Plaintiff's claims against Judge Donovan are barred by the statute of limitations is clearly erroneous. See Mem.

**A. Rooker-Feldman**

The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) (stating that under the Rooker-Feldman doctrine "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in the United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").

*1. Creed and Fiala*

Plaintiff alleges that Creed and Fiala violated his due process rights in attempting to enforce the state court judgment. Am. Compl. ¶¶ 25-27, 31-32. The Court found that these claims were "squarely" within the scope of the Rooker-Feldman doctrine. Mar. Order at 6-7, 13. Plaintiff

argues that this conclusion was erroneous because his due process claims are based on allegations of "discretionary acts" that were not required by the state court judgment. See Mem. at 3-4, 18-19. Thus, Plaintiff claims that Creed "misrepresented" that Plaintiff failed to answer his summons and presented this misrepresentation in requesting the suspension of Plaintiff's driver's license. Am. Compl. ¶ 26. The Rooker-Feldman doctrine does not apply if the federal plaintiff presents an "independent claim," even if that claim "denies a legal conclusion that a state court has reached in a case to which he was a party." Exxon Mobil, 544 U.S. at 293. However, a federal suit does not raise an independent claim where it "alleg[es] that actions taken pursuant to a court order violate [the plaintiff's] rights." Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 88 (2d Cir. 2005). Because Creed and Fiala acted to enforce the state court order, the Court found that Plaintiff's allegations against them were essentially challenges to the underlying state court judgment. Mar. Order at 6. The Court is not persuaded by Plaintiff's arguments that Creed and Fiala's actions to enforce the state court judgment were "voluntary" or "discretionary" acts. Mem. at 3-4. Since Plaintiff seeks to relitigate an issue that the Court has already decided, he has not presented a valid basis for reconsideration. See Shrader, 70 F.3d at 257.

### 2. *Judge Donovan and Judge Breslin*

Plaintiff alleges that Judge Donovan and Judge Breslin improperly denied his motions and made misrepresentations. Am. Compl. ¶¶ 37-51. The Court found that these claims amount to challenges to the state court judgment and are therefore barred by the Rooker-Feldman doctrine. Mar. Order at 15. Since Plaintiff complains of injuries caused by decisions rendered in the state court proceedings, these claims are clearly within the scope of the Rooker-Feldman doctrine. See Hoblock, 422 F.3d at 85. Plaintiff has not identified any basis for the Court to reconsider that

6

holding.

### B. Due Process and Equal Protection

Giving due consideration to Plaintiff's *pro se* status, the Court also found that even assuming *arguendo* that Plaintiff's claims are not barred by the Rooker-Feldman doctrine, Plaintiff failed to state a claim for violation of his due process and equal protection rights. Mar. Order at 7-9.

The Court found that Plaintiff's allegations fail to state a claim for violation of his due process rights because Plaintiff "received a trial on the underlying speeding charge, was able to file several motions before and after the trial, and received a notice of suspension." Id. at 8-9. Plaintiff argues that he was denied due process because of erroneous rulings by the state court. Mem. at 9. "A procedural due process claim will lie where the alleged conduct deprived plaintiff of liberty by a distortion and corruption of the processes of law, such as falsification of evidence or some other egregious conduct resulting in a denial of a fair trial." Senra v. Cunningham, 9 F.3d 168, 173 (1st Cir. 1993) (internal quotation marks omitted). However, the basis of Plaintiff's claim is disagreement with the state court's findings of fact and conclusions of law. See Am. Compl. ¶¶ 37-38. Plaintiff's disagreements with the rulings of the state court do not state a claim for deprivation of procedural due process. See S.C. v. Monroe Woodbury Cent. Sch. Dist., No. 11-CV-1672, 2012 WL 2940020, at *9 (S.D.N.Y. July 18, 2012) ("[P]rocedural due process guarantees only a process, not a specific outcome.").

The Court found that Plaintiff's equal protection claim was "wholly conclusory" and that the Amended Complaint contained no "facts that Plaintiff was treated differently than others similarly situated." Mar. Order at 8. Plaintiff argues that his supporting affidavits and RICO statement establish a "class of one" equal protection claim. Mem. at 8. A plaintiff may bring a "class of one"

7

equal protection claim where they allege that they have been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." African Trade & Info. Ctr., Inc. v. Abromaitis, 294 F.3d 355, 362-63 (2d Cir. 2002). However, Plaintiff's new allegations are not a proper basis for reconsideration as they do not constitute newly discovered evidence. See Webb v. City of New York, No. 08-CV-5145, 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) ("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court."). Furthermore, even if the new allegations were properly considered on a motion for reconsideration, they do not establish that Plaintiff has been treated differently than similarly situated individuals. Plaintiff alleges that Creed has been "hostile" to him since a trial for a traffic infraction in 2007. Dkt. No. 56-1 ("Plaintiff Affidavit") ¶¶ 9-11. This allegation is insufficient to establish an equal protection claim. Moreover, Plaintiff's RICO statement relates to police officers who are not defendants in this action. See Mem. at 8; see also Dkt. No. 61 (denying Plaintiff's Motion to amend his Amended Complaint, where proposed amendments included statements from RICO complaint).

### C. Fourth Amendment

The Court found that Sleurs had probable cause to arrest Plaintiff for aggravated unlicensed operation of a motor vehicle in the third degree under New York Vehicle and Traffic Law § 511(1)(a). Mar. Order at 10. Plaintiff conceded that Sleurs showed him his computer screen, which indicated that Plaintiff's license had been suspended. Id. "Where it is undisputed that a police officer's computer indicates that an individual's license has been suspended, courts have consistently held that the officer has probable cause to arrest the driver for operating a motor vehicle without a license." Id. (citing Evans v. City of New York, 308 F. Supp. 2d 316, 329-30 (S.D.N.Y.

2004)). In arguing for reconsideration, Plaintiff now asserts that "the computer screen showed that my license had been re-instated." Mem. at 11-12. Plaintiff's new allegation, which contradicts the allegations in his Amended Complaint, is not an appropriate basis for reconsideration. See Webb, 2011 WL 5825690, at *1.

Plaintiff also argues that the Court erred in finding that there was clear legal authority for Sleurs to confiscate Plaintiff's driver's license. Mem. at 13-14. However, these arguments merely reiterate arguments made in Plaintiff's Response to the Motion to dismiss. Compare Mem. at 13-14, with Dkt. No. 38 at 22-23. Accordingly, they are not an appropriate basis for reconsideration. See Shrader, 70 F.3d at 257.

### D. Municipal Liability

The Court dismissed Plaintiff's claims against the Town of Bethlehem on the ground that Plaintiff had "not alleged the deprivation of any constitutional rights stemming from a municipal policy or custom by the Town of Bethlehem." Mar. Order at 13. Plaintiff asserts that he has now identified two unconstitutional policies based on a traffic stop in March 2015. Mem. at 15. Plaintiff alleges that Town of Bethlehem police officers informed him that it is Town policy to impound all vehicles involved in aggravated unlicensed operation of a motor vehicle. Pl. Aff. ¶ 15. Plaintiff also alleges that he was informed that it is Town policy that an individual recovering a car out of impound be accompanied by a licensed driver. Id. ¶¶ 17-18. Plaintiff's new allegations do not relate to any of the causes of actions in his Amended Complaint, nor does Plaintiff assert how either of these alleged policies causes a deprivation of constitutional rights. "[A] motion for reconsideration is not an opportunity for litigants to . . . present new or alternative theories that they failed to set forth in connection with the underlying motion." Butto v. Collecto Inc., 845 F. Supp.

9

2d 491, 494 (E.D.N.Y. 2012). Plaintiff also requests the opportunity to conduct discovery regarding other policies of the Town. See Mem. at 15. However, in order to survive a motion to dismiss, a complaint "must allege facts tending to support, at least circumstantially, an inference that . . . a municipal policy or custom exists." Tieman v. City of Newburgh, No. 13-Cv-4178, 2015 WL 1379652, at *13 (S.D.N.Y. Mar. 26, 2015). Plaintiff's Amended Complaint only makes a conclusory assertion that the Town has a municipal policy or custom, without specifying what the policy or custom is or how it causes a deprivation of constitutional rights. Am. Compl. ¶ 30.

### E. Section 1983 Statute of Limitations

Finally, Plaintiff argues that the Court erred in its statement that the statute of limitations under § 1983 accrues when the plaintiff "knows or has reason to know" of the injury. Mem. at 23-24. Plaintiff appears to argue that the statute of limitations should accrue from the time the plaintiff knows of the injury. See id. However, Plaintiff cites no authority in support of this position and it is well established that under § 1983 a "claim accrues when the plaintiff 'knows or has reason to know' of the harm." Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994) (quoting Cullen v. Margiotta, 811 F.2d 698, 725 (2d Cir. 1987)).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 56) for reconsideration is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     January 15, 2016
           Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge